IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff/Respondent,<br> v.<br><br>MICHAEL DEAN GALLOWAY,<br><br>   Defendant/Petitioner. | Case No. 6:04-cr-60112-MC-1<br><br>**OPINION AND ORDER** |

**MCSHANE, Judge:**

  Petitioner Michael Dean Galloway is currently serving a 188-month sentence based in part on § 2K2.1(a) of the United States Sentencing Guidelines ("Guidelines").[1] On June 17, 2016, he filed a motion to vacate or correct his sentence under 28 U.S.C. § 2255, arguing that the principles set forth in *Johnson v. United States*, 135 S. Ct. 2551 (2015), rendered void for vagueness the advisory Guidelines provision used to calculate his recommended sentencing range. When that argument was subsequently foreclosed by the Supreme Court's holding in *Beckles v. United States*, 137 S. Ct. 886 (2017), Mr. Galloway amended his pleading to argue that, although not void for vagueness, the Guidelines provision remains unworkable, leaving no lawful basis for his recommended sentencing range and rendering his actual sentence both arbitrary and capricious, in violation of the Due Process Clause, and disproportionate, in violation of the Eighth Amendment. The Government now moves to dismiss. Because Mr. Galloway's motion is untimely and does not rely on the new rule of constitutional law announced in *Johnson*, it is an impermissible second petition and must be DISMISSED.

---

[1] When Petitioner was sentenced in 2008, the Guidelines were advisory, not mandatory. *See United States v. Booker*, 543 U.S. 220 (2005).

Page 1 – OPINION AND ORDER

## BACKGROUND

In 2005, Mr. Galloway pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and possessing an unregistered firearm in violation of 26 U.S.C. §§ 5845(a), 5845(d), 5861(d), and 5871. Judgment 1, ECF No. 39. The district court found that, under the Armed Career Criminal Act ("ACCA"), Mr. Galloway had four prior convictions for "violent felonies" and he was sentenced to a 235-month prison term. Findings of Fact Order 2-3, ECF No. 40. On direct appeal, however, the Ninth Circuit vacated Mr. Galloway's ACCA sentence, holding that two of his prior convictions, both for Oregon burglary in the second degree, were not categorical violent felonies. *United States v. Galloway*, 235 Fed. Appx. 571 (9th Cir. 2007) (citing *United States v. Grisel*, 488 F.3d 844, 851 (9th Cir. 2007)).

On remand for resentencing, the district court found that Mr. Galloway qualified for an enhanced sentence under § 2K2.1(a) of the advisory Guidelines based in part on two prior convictions for attempted murder and burglary in the first degree—both "crimes of violence" within the meaning of § 4B1.2. Presentence Report ("PSR") ¶ 19; Statement of Reasons 1-2, ECF No. 72 (adopting PSR in full). With the enhancement, Mr. Galloway's Guidelines range was 155-188 months. PSR ¶¶ 20-26. After considering the recommended range and the factors listed in 18 U.S.C. § 3553(a), the court imposed a 188-month sentence. Judgment 2, ECF. No. 70. Judge Hogan added that, "[f]or whatever benefit it is to the court of appeals . . . I take records more seriously when someone has actually pulled a trigger, and that happened here in this situation, and the sentence is based in part on that." Tr. 16:18-23, ECF No. 73.

On June 17, 2016, Mr. Galloway filed the instant motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. This was his second such motion and therefore required authorization from the Ninth Circuit, which he received. *Galloway v. United States*, No. 16-

71939 (9th Cir. Sept. 16, 2016). Mr. Galloway initially argued that the principles set forth in *Johnson v. United States*, 135 S. Ct. 2551 (2015), rendered void for vagueness the Guidelines provision on which his recommended sentencing range was based. When that argument was subsequently foreclosed by the Supreme Court's holding in *Beckles v. United States*, 137 S. Ct. 886 (2017), Mr. Galloway amended his pleading to argue that, although not void for vagueness, the Guidelines language remains unworkable, leaving no lawful basis for his recommended sentencing range and rendering his actual sentence both arbitrary and capricious, in violation of the Due Process Clause, and disproportionate, in violation of the Eighth Amendment.

The Government now moves to dismiss Mr. Galloway's motion on five grounds. First, it argues that the motion fails to satisfy the requirements for a second or successive petition under 28 U.S.C. § 2255(h)(2) because it does not rely on the new rule of constitutional law announced in *Johnson*. Second, the Government argues that, under 28 U.S.C. § 2255(f), Mr. Galloway's amended motion is untimely and cannot relate back to the date on which the original motion was filed. Third, the Government argues that § 2255 only provides prisoners with relief from constitutional sentencing errors and, because miscalculation of a Guidelines range is non-constitutional error, Mr. Galloway's claims are not cognizable. Fourth, the Government argues that, even if Mr. Galloway's motion is timely and a permissible second petition, his claims are procedurally defaulted and therefore cannot be raised on collateral review. Finally, moving on to the merits, the Government argues that, because Mr. Galloway's sentence is based on all of the factors listed in 18 U.S.C. § 3553(a), not just the advisory Guidelines, it is constitutional.

**DISCUSSION**

The Court need not reach the merits of Mr. Galloway's claims because his motion is untimely and an impermissible second petition. The timeliness and permissibility of all § 2255 motions, including second petitions, is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, a second § 2255 motion must be dismissed, without reaching the merits, unless it "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(4). Here, the parties agree, as they must, that *Johnson* announced a new rule of constitutional law and that this new rule is retroactively applicable to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). They disagree, however, as to the scope of that new rule and, in turn, whether Mr. Galloway's motion relies on it.[2]

The Court agrees with the Government that Mr. Galloway's motion does not rely on the new rule from *Johnson*. A motion relies on the same new rule announced in a prior Supreme Court decision if the substance of that decision *requires* that the district court grant a prisoner's motion on the merits. *See Ezell v. United States*, 778 F.3d 762, 766 (9th Cir. 2015). Stated differently, the merits of a prisoner's motion must require no more than a "garden variety" application of the relevant case's governing principle. *Chaidez v. United States*, 568 U.S. 342, 348 (2013). The broadest possible formulation of the new rule announced in *Johnson* is that, when used in sentencing regimes which fix sentences, the residual clause is unconstitutionally

---

[2] Although Mr. Galloway received Ninth Circuit authorization to file the instant motion based on his now-foreclosed claim that *Johnson* renders the residual clause of the advisory Guidelines void for vagueness, this Court has an ongoing obligation to assess whether Mr. Galloway's motion continues to satisfy the requirements for a second or successive petition. 28 U.S.C. § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of . . . section [2255]."); *see also United States v. Villa-Gonzalez*, 208 F.3d 1160, 1164 (9th Cir. 2000) ("[T]he court of appeals' grant of permission to file a second section 2255 motion is tentative in the following sense: the district court must dismiss the motion . . . if the court finds that the movant has not satisfied the requirements for the filing of such a motion.").

Page 4 – OPINION AND ORDER

vague. Although the opinion broadly describes the residual clause as a "black hole of confusion," that disapproving language is constitutionally tethered *only* to the void-for-vagueness doctrine. *Johnson*, 135 S. Ct. at 2652. The Court makes no mention of the advisory Guidelines, Eighth Amendment, or how either would interact with the Fifth Amendment's general prohibition on arbitrary punishment. As Judge Simon recently noted, *Johnson*'s critique of the residual clause language "was not itself a new rule of constitutional law which created a due process or Eighth Amendment right independent of the void-for-vagueness rule."[3] *United States v. Slattery*, No. 3:07-cr-00362-SI, 2017 WL 4581790, at *4 (D. Or. Oct. 13, 2017).

Mr. Galloway's characterization of the new rule announced in *Johnson*—"that the residual clause provides no lawful framework for fair sentencing"—stretches that decision beyond recognition. As noted above, the Supreme Court's analysis was limited to vagueness challenges in the context of a mandatory sentencing regime; it did not address the constitutionality of a sentence informed only in part by the defective language of the residual clause, and it certainly did not go so far as to require that any sentence in which the residual clause played a role must be unlawful. Indeed, the underlying logic of *Beckles* provides that, because the Guidelines are merely advisory, "previous convictions are neither clearly lawful nor unlawful bases" for an enhanced sentence. *Slattery*, 2017 WL 4581790, at *3. Instead, a district court is "free to make an upward departure from the range recommended by the Guidelines, even where previous convictions unambiguously do not qualify as predicate offenses." *Id.* There is,

---

[3] The Supreme Court's recent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), does nothing to change that fact. *Dimaya*, an immigration case on direct appeal, involved a garden variety application of *Johnson* to find that, as used in a statutory scheme governing nondiscretionary deportation determinations, the residual clause is void for vagueness. It did not address use of the residual clause as part of an *advisory* scheme and, most importantly, did not require the Supreme Court to sidestep *Beckles* and rely on sources of constitutional rights, such as the Eighth Amendment or substantive due process, beyond the void-for-vagueness doctrine relied on in *Johnson*. In addition, because the case was a direct appeal, the Supreme Court had no reason to consider whether the petitioner satisfied the limitations on post-conviction motions codified in § 2255(h)(2) and § 2255(f)(3).

as such, simply too great a distance between the principle governing *Johnson* and the result Mr. Galloway seeks for this Court to find that his motion relies on the new rule from that case.

Still, even if Mr. Galloway's motion satisfied the gatekeeping requirements of 28 U.S.C. § 2255(h)(2), it would be time bared. Under AEDPA, "all motions" pursuant to § 2255, including second or successive petitions, must be filed within one year from the date on which a conviction becomes final, unless an exception applies. *Dodd v. United States*, 545 U.S. 353, 359 (2005); 28 U.S.C. § 2255(f). Mr. Galloway seeks to rely on the exception at § 2255(f)(3) to render his motion timely. Under § 2255(f)(3), a motion is timely if (1) it "assert[s] . . . [a] right . . . newly recognized by the Supreme Court," 28 U.S.C. § 2255(f)(3), (2) it is filed within one year from the "date on which the right asserted was initially recognized by the Supreme Court," *id.* § 2255(f)(3), and (3) the Supreme Court or controlling Court of Appeals has declared the right retroactively applicable on collateral review, *Dodd*, 545 U.S. at 357-59. As this Court has held, however, the "new right" requirement is narrower than the "new rule" requirement discussed above. *United States v. Colasanti*, 282 F. Supp. 3d 1213, 1220-22 (D. Or. 2017). "The right recognized by *Johnson* is limited to its specific holding: that the ACCA's residual clause is unconstitutionally vague." *Id.* at 1218. By asking this Court to invalidate a sentence based not on the ACCA, and by reference to constitutional theories never discussed in *Johnson*, Mr. Galloway asserts a right not recognized in *Johnson*. His motion is therefore untimely.[4-5]

---

[4] The Court need not address the Government's argument about whether the amendment relates back to the original filing because, as just discussed, the original filing was itself untimely.

[5] This is not to say that Mr. Galloway's argument necessarily lacks merit. The Supreme Court's description of the residual clause as hopelessly indeterminate may, as part of a direct appeal, provide the required starting point from which to build a broader constitutional attack on an advisory Guidelines sentence. On collateral review, however, the merits of Mr. Galloway's argument are inapposite if he cannot clear the procedural hurdles in § 2255(h)(2) and § 2255(f)(3)—hurdles which, despite his protestations to the contrary, do not allow this Court to simply extrapolate out from the Supreme Court's general, constitutionally-untethered reasoning in *Johnson* to find, based on constitutional provisions and theories never discussed in *Johnson*, that the district court exercised its sentencing discretion in an unlawful manner.

## CONCLUSION

For the foregoing reasons, Mr. Galloway's motion to vacate or correct his sentence is DENIED. The Government's motion to dismiss is GRANTED. Since reasonable jurists could not debate the Court's resolution of this case, it declines to issue a certificate of appealability.

IT IS SO ORDERED.

DATED this 8th day of June, 2018.

                                                                        */s/* Michael J. McShane  
                                                                         Michael J. McShane  
                                                                         United States District Judge